PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TERRANCE WASHINGTON,

       Petitioner,

                                          ORDER
-v-                                     07-CR-268WMS
                                          17-CV-238WMS

UNITED STATES OF AMERICA,

       Respondent.
_____

       The Petitioner, Terrance Washington, acting *pro se*, seeks relief pursuant to 28 U.S.C. § 2255, challenging the sentence imposed on his conviction, as set forth more precisely in his motion.

       According to 28 U.S.C. § 2255, a one-year period of limitations applies to a motion attacking sentence by a person in federal custody. The limitation period shall run from the latest of --

       (1)    the date on which the judgment of conviction becomes final;

       (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

       (3)    the date on which the right asserted was initially recognized by the [United States] Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

       (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

1

28 U.S.C. § 2255.

It appears to the Court that this motion should be barred under 28 U.S.C. § 2255 and Rule 9 of the Rules Governing Section 2255 Cases in the United States District Courts. Specifically, the judgment of conviction was entered on April 28, 2008, an amended judgment of conviction was entered on May 12, 2008 and became final, for purposes of 28 U.S.C. § 2255(f)(1), fourteen (14) days thereafter on May 26, 2008. See *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir.2005) ("[F]or purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Fed.R.Civ.P 4(b)(1)(A) ("[I]n a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (I) the entry of either the judgment or the order being appealed . . . .") The instant petition was signed by the petitioner on October 19, 2016, filed in the United States District Court Eastern District of Michigan on October 24, 2016 and thereafter transferred to this Court on March 15, 2017, which is well more than one year after the judgment became final.

In order to permit the Court to properly evaluate the issue, Petitioner is directed to complete the attached § 2255 Timeliness Response Form entitled "Petitioner's Response as to Why the Motion Is Not Time-Barred Under 28 U.S.C. § 2255" and return it to the Clerk of Court by **May 1, 2017**. See Acosta v. Artuz, 221 F.3d 117, 124-26 (2000) (District court should not ordinarily dismiss a motion under, inter alia, § 2255 without notice and an opportunity for the movant to be heard). Petitioner should be sure to include in the Response specific and detailed information addressing all of the Court's concerns; Petitioner should also include all pertinent dates when any collateral attacks were filed and when each was finally determined, if Petitioner has filed any such

collateral attacks, and any other information which may be relevant to the Court's determination of the limitations issue.

**Failure to return the properly completed form by May 1, 2017 will result in the automatic dismissal of the Petition as an abuse of the writ of habeas corpus**.

IT HEREBY IS ORDERED, that Petitioner is directed to file a response to this order by **May 1, 2017**; and

FURTHER, that if the § 2255 Timeliness Response Form is not filed by **May 1, 2017**, the Clerk of Court is directed to dismiss the Petition as an abuse of the writ of habeas corpus without further notice, and

FURTHER, all docketing for this action shall be made in the related criminal action 1:07-cr-00268-WMS-1.

SO ORDERED.

/s/William M. Skretny
William M. Skretny
United States District Judge

DATED:    March 30, 2017
          Buffalo, NY